RECEIVED
FEB 07 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FRED ASHLEY | CIVIL ACTION NO. 01-1942 |
| VERSUS | JUDGE DONALD E. WALTER |
| BAYER CORP., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Doc. #47] filed on behalf of Defendant Wyeth, formerly known as American Home Products Corporation, individually and on behalf of its unincorporated division Wyeth Consumer Healthcare, formerly known as Whitehall-Robins Healthcare, under Federal Rule of Civil Procedure 56. Plaintiff, Fred Ashley ("Ashley"), brings this action under the Louisiana Products Liability Act against inter alia, Wyeth. Plaintiff asserts that he suffered a stroke as a result of ingesting medications distributed and marketed by Wyeth containing phenylpropanolamine ("PPA"), namely Robitussin CF. Wyeth asserts that Plaintiff has failed to provide medical evidence to support the causation element of his claims. Plaintiff requests additional time to provide expert medical testimony to establish a genuine issue of material fact regarding causation. For the reasons stated below, Defendant's Motion is **GRANTED**. Plaintiff's claims are hereby **DISMISSED**.

### SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id. The court must "review the facts drawing all references most favorable to the party opposing the motion." Reid v. State Farm Mutual Auto Insurance Co., 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. Celotex Corp., 477 U.S. at 325; Lawrence, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 584-88, 106 S.Ct. 1348, 1355-56 (1986). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v. Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). In the absence of any proof, the court will not assume the non-moving party could or would prove the necessary facts. Id.

Pursuant to Local Rule 56.1, the moving party shall file a statement of material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW & ANALYSIS

As noted above, Defendant asserts that there is no evidence before this Court to show the link between medications manufactured and/or marketed by Wyeth and Ashley's alleged injury. In fact, the only evidence offered is Defendant's deposition testimony from Ashley's treating physician, Dr. Craig Miller, indicating his expert opinion that Ashley's stroke was not induced pharmacologically. Miller Dep. 54:19-20, October 14, 2003. Dr. Miller also testified that Ashley had "pre-existing stroke risk factors" which could have caused the stroke. Miller Dep. 53: 24-54:4.

In its Opposition to Wyeth's Motion for Summary Judgment, Plaintiff requests more time to submit expert medical testimony of causation. Plaintiff fails to show that any expert who could prove causation exists or that any other evidence showing causation exists. Plaintiff has had ample time in which to submit this evidence. Under the Louisiana Products Liability Act, a plaintiff must show that his damages were caused by an unreasonably dangerous defect in the product. In re Propulsid Prod. Liab. Litig., 261. F.Supp. 2d 603, 618 (E.D.La. 2003). As the Fifth Circuit stated in Little, "[w]e resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. Because there is no proof showing that Wyeth's products caused Ashley's injuries, Defendant's Motion must be granted.

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [Doc. #47] be and is hereby **GRANTED** and plaintiff's claims are **DISMISSED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3 day of January, 2006.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE